### STATE v. ROBERT B. HARPER.

*Indictment—Sending threatening letter—Motion to quash.*

1. The power to quash an indictment before defendant pleads, is not usually exercised unless the defect is gross and apparent, nor when the offence is of a heinous nature.

2. Certainty to a certain intent in general, is all that is required in indictments; but every thing should be charged, or made to appear by necessary implication, which is necessary to constitute the offence charged.

3. Where the offence charged was the sending a letter under §989 of The Code, and the letter was set out in the indictment, from which it is deducible by necessary implication, that the defendant threatened to indict the prosecutor for

an offence punishable by imprisonment in the penitentiary, with a view and intent to extort money; *Held,* that a criminal offence is sufficiently charged, and the indictment should not be quashed.

(*State* v. *Baldwin,* 1 Dev. &. Bat., 195, cited and approved).

INDICTMENT, heard before *Clark, Judge,* on a motion to quash, at Spring Term, 1886, of DURHAM Superior Court.

The indictment was for sending a threatening letter, and was as follows: "The jurors for the State, upon their oath present, that Robert B. Harper, late of the county of Durham, in the State aforesaid, on the first day of January, in the year of Our Lord, one thousand eight hundred and eighty-five, in said county and State, did knowingly and wilfully, send to one C. M. Van Nappen, in which said letter, he, the said Robert B. Harper, threatened to accuse the said C. M. Van Nappen of a crime, punishable by the laws of said State with imprisonment in the penitentiary, to-wit: the crime of embezzlement, with a view and intent to extort and gain money, to-wit: the sum of ten dollars in money, from him, the said C. M. Van Nappen, which said letter is as follows, that is to say:

"DURHAM, N. C., September 14, '85.

"C. M. VAN NAPPEN: I want to say to you in regard to that case I had against you before Mr. C. B. Green, wherein I charged you with $10.00 received for house rent, I will make you this proposition: If you will pay me the $10.00 inside of ten days, I will drop it. If not, I am going to put the case before the Superior Court, in October, and I am going to have the postmaster and the express agent as witnesses, to show the amount of money you sent me through them, and I am also going to have Mr. C. A. W. Barham and Peter Green, and Robert Crabtree and E. H. Lyon and W. T. Speed, as witnesses, to show the amount of money paid you by them. I will also have my wife as a witness, to prove that the money was never paid to her, so if you like, you can look these things up, and you will not find, anywhere, where you paid or sent me the ten dollars.

You may become clear in the Superior Court, but it seems to me, that the evidence will be very strong against you, when my wife and myself will both swear that you have never paid it, and the postmaster's books, and the express agent's books, will show and correspond with all the money collected and sent to me by you, with the exception of the $10.00. You can use your own pleasure about paying the money inside of ten days; but if you don't pay it, I am sure going to bring the suit in the next term of the Superior Court.                        R. B. HARPER.

Contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State."

On motion of defendant, the court rendered judgment quashing the bill of indictment, from which judgment, the Solicitor, on behalf of the State, appealed.

*Attorney General,* for the State.
*Mr. T. M. Argo,* for the defendant.

ASHE, J. (after stating the facts). In every indictment, certainty to a certain extent, in general, is all that is required, and everything should be stated which is necessary to constitute the offence charged, or which, by necessary implication, is included in what is alleged, Arch. Cr. Pl., 44.

We infer from the statement in this indictment, that the prosecutor had been the agent of the defendant Harper, in collecting certain rents, and there had been an action before a Justice of the Peace by the defendant, to recover these rents from the prosecutor, and the defendant had failed to recover ten dollars which he alleges the prosecutor had received and refused to pay over.

The threatning letter set out in the indictment, was to force the prosecutor to pay this money. Whether the ten dollars was really due to the defendant, or whether the refusal to pay over the amount, was such an appropriation of the same as to constitute the offence of embezzlement, we are not called upon to

decide. The only question for us to consider is, did the defendant, by the letter set out in the indictment, threaten to indict the prosecutor, if he did not pay over the ten dollars in ten days.

The defendant's counsel contended, that the letter did not make a threat of indictment, but had reference to a civil suit, and most probably an appeal from the Justice's judgment. If that was so, most clearly this indictment could not be sustained. The first part of the letter might lead to that conclusion, when he says: "If you do not pay, I am going to put the case before the Superior Court in October." But he subsequently says: "If you don't pay, *I am sure going to bring the suit in the next Term of the Superior Court.*" This evidently had reference to a suit to be originated in the Superior Court. He must have known, or at least he must be presumed to have known, that he could not bring a civil action in the Superior Court for a claim of such an amount. The only suit, then, he could have brought in the Superior Court, was a criminal action, and we think it is deducible, by a necessary implication from the whole tenor of the letter, that that was the action with which the prosecutor was threatened, and the action intended must have been a criminal action for embezzlement, under §1014 of The Code; for that is the only statute we have, making it indictable for an agent fraudulently to convert to his own use, any money, &c., and is made punishable as larceny, which is a penitentiary offence.

Besides this, the Courts do not favor motions to quash. "It is not usually exercised, unless when the defect is gross and apparent, nor when the offence is of a heinous nature." *State* v. *Baldwin,* 1 D. & B., 195.

Our conclusion is, there was error, and the judgment of the Superior Court is reversed. Let this be certified to the Superior Court of Durham, that further proceedings may be had according to law.

Error. Reversed.