### THE STATE v. D. L. FLOWERS.

*Perjury—Indictment — Quashing—Removal of Trial.*

1. An indictment for perjury, alleged to have been committed upon a trial in the court of a Justice of the Peace, is not defective because it sets out the name of the Justice before whom the case was tried.

2. Although an indictment for perjury, which fails to allege that the defendant "knew the said statement to be false," or that "he was ignorant whether or not said statement was false," is defective, the Court should not quash it, but the defendant should be held until a proper indictment is had.

3. The statute (*The Code*, § 1159) authorizing two Justices of the Peace to sit together in criminal proceedings, is in harmony with the provision of the Constitution, Art. 4, § 12, conferring power upon the General Assembly to allot and distribute judicial powers.

4. When a criminal action has been removed, it will be presumed issue was properly joined before the order of removal was made.

CRIMINAL ACTION, heard at September Term, 1891, of WAKE Superior Court, *Whitaker, J.*, presiding, upon motion to quash, which was allowed, and the State appealed.

The indictment charged the perjury was committed "upon the trial of an action in the court of Robert Sanders and

W. R. Creech, Justices of the Peace, in and for the said county, acting and sitting together."

*The Attorney General*, for the State.
*Mr. F. H. Busbee*, for defendant.

CLARK, J.: The indictment is drawn under chapter 83, Acts 1889, which provides a simple form of indictment for perjury. A motion to quash below was allowed, which action defendant's counsel seeks to sustain on the ground that the indictment charges the perjury to have been committed upon the trial of an action " in the court of Robert Sanders and W. R. Creech, Justices of the Peace, in and for said county, acting and sitting together," etc. We fail to see the force of the objection. If the names of the Justices had been left out, the charge of the commission of the perjury " in a court of a Justice of the Peace " would have been a compliance with the statute. The addition of the names of the Justices could not possibly prejudice the defendant in any manner, and really gave him additional information. Indeed, it is probably better, and certainly is fairer to the defendant that when the perjury is alleged to have been committed on a trial before a Justice, the name of such Justice should be charged. At the most, though the names of the Justices were not required to be charged, their use was mere harmless surplusage. Nor can there be more force in the argument that a court of two Justices of the Peace is a tribunal unknown to our Constitution. *The Code*, § 1159, authorizes two Justices to sit together in criminal proceedings, and gives them the same " powers and duties " as are given to any Justice sitting alone. The Constitution, Art. 4, § 12, empowers the General Assembly to " allot and distribute " the judicial power and jurisdiction which does not pertain to the Supreme Court " in such manner as they may deem best." It was, therefore, competent for the Legislature to thus bestow the

"powers and duties" mentioned, on two Justices as in like manner they have bestowed prescribed powers and duties on three or five Justices by the title of inferior courts, or on one Judge in a Criminal Court. It sufficiently appears on the indictment that the action in which the perjury is alleged to have been committed was a criminal proceeding, and of such the two Justices, "acting and sitting together," as charged in the indictment, had as full jurisdiction as one Justice sitting alone.

To quash the indictment for the harmless and really advisable addition of the names of the Justices would contravene the explicit prohibition contained in *The Code*, § 1183, that no criminal proceeding, whether " by warrant, indictment, information or impeachment," shall be " quashed or judgment stayed by reason of any informality or refinement, if in the bill or proceeding sufficient matter appears to enable the Court to proceed to judgment." *State* v. *Burke*, 108 N. C., 750 ; *State* v. *Haddock*, at this term.

The form of indictment provided by the act in question has been sustained by this Court in *State* v. *Gates*, 107 N. C., 832, and *State* v. *Peters*, 107 N. C., 876. The effect of the act is not to change in any respect the constituent elements of perjury nor the nature or mode of proof. It only relieves the State from charging in the indictment the details, or rather the definition of the offence, and makes it sufficient to allege that the defendant unlawfully committed perjury, charging the name of the action and of the Court in which committed, setting out the matter alleged to have been falsely sworn and averring further that the defendant knew such statement to be false, or that he was ignorant whether or not it was true.

Upon an inspection of the record we find that the indictment is in fact defective in that it does not, as required by said act (1889, ch. 83) allege either that the defendant " knew

said statement to be false," or that he was "ignorant whether or not said statement was true."

But such defect would not warrant the Court below in quashing the indictment. In *State* v. *Colbert*, 75 N: C., 368, which was an indictment for perjury, the Court say, READE, J.: "Quashing indictments is not favored. It releases recognizances and sets the defendant at large where, it may be, he ought to be held to answer upon a better indictment," though "allowable," he goes on to say, "where it will put an end to the prosecution altogether, and advisable where it appears that the Court has not jurisdiction, or where the matter charged is not indictable in any form. * * * It is, therefore, a general rule that no indictment which charges the higher offences, as treason or felony or those crimes which immediately affect the public at large, as perjury, forgery, etc., will be thus summarily dealt with. * * * The example is a bad one, and the effect upon the public injurious, to allow the defendant to escape upon matters of form. * * * * The indictment is very informal, and probably no judgment could be pronounced; but still the Court had jurisdiction and the matter intended to be charged is a crime which greatly concerns the public, and therefore the defendant ought to have been held and tried upon a sufficient indictment. * * * There was abundant cause for his Honor's declaring the indictment informal and insufficient, but not for quashing." We have quoted at some length from the eminent Judge, who was easily master of his profession, as he states clearly the reasons which govern the administration of justice in such cases. This case is cited and approved by ASHE, J., in *State* v. *Knight*, 84 N. C., 789, in which, though the Supreme Court arrests the judgment, it is held that the Court below properly refused to quash. To the same effect are the best authorities. *State* v. *Harper*, 94 N. C., 936; 2 Hawkins P. C , ch. 25, § 146; 1 Chitty Cr. L., 300; 1 Bishop Cr. Pr., § 452; Wharton Pl. & Pr., 386, 387; Arch. Cr. Pl.,

66; *Rex* v. *Belton*, 1 Sálk., 372.　Indeed, quashing an indictment, however defective, is never a matter of right.　"The Judges are in no case bound, *ex debito justitiæ*, to quash an indictment, but may oblige the defendant either to plead or demur to it; and this they generally do where it is for a crime of an enormous or public nature, as perjury, forgery, and like offences."　2 Hawks P. C., § 146, ch. 25.　In such cases if the bill is defective, the Court does not quash, but holds the prisoner and permits the Soliciter to send a new bill.

We are not inadvertent to the fact that this action was removed from another county, and though the record does not state that the plea of not guilty was entered, presumably such was the case, as in criminal actions an order of removal can only be made after issue joined.　*State* v. *Reid*, 18 N. C., 377; *State* v. *Swepson*, 81 N. C., 571; *State* v. *Haywood*, 94 N. C, 847.　But it is, in the present instance, immaterial, for though, after issue joined, it is too late for the defendant, as a matter of right, to move to quash, the Court, in its discretion, can permit the motion (in proper cases) to be made.　*State* v. *Eason*, 70 N. C., 88; *State* v. *Miller*, 100 N. C., 543; *State* v. *Sheppard*, 97 N. C., 401

There was error in quashing the indictment, and this must be certified that further proceedings may be had according to law.　The Solicitor can, if so advised, send a better bill, curing the defect above pointed out.　*State* v. *Colbert, supra.*

Error. ·