STATE OF NORTH CAROLINA v. MOSES WILLIAMS

No. 7514SC861

(Filed 17 March 1976)

**Assault and Battery § 15— felonious assault — instructions on serious injury**

 The trial court in a felonious asault prosecution did not err in instructing the jury that a serious injury "is any physical injury that causes great pain and suffering."

APPEAL by defendant from *McLelland, Judge.* Judgment entered 13 May 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 16 February 1976.

Defendant was tried on a bill of indictment charging him with assault with a deadly weapon with intent to kill inflicting serious injury to which he pled not guilty. The evidence tended to show:

On the night in question, defendant and the alleged victim, William J. Wilson, Jr., were at a social club in Durham. A few words were exchanged between the two after which defendant pulled a large pistol, pointed it at Wilson, and fired. The bullet grazed Wilson's eyebrow, inflicting a gash which bled considerably, and the impact knocked Wilson to the floor unconscious. He was carried to a hospital emergency room where he was treated and remained for some seven hours; thereafter, he was referred to an eye clinic where metal fragments were removed from his eyeball. Wilson returned to the clinic on numerous occasions for further treatment and was out of work for two and one-half weeks.

The jury returned a verdict finding defendant guilty of assault with a deadly weapon inflicting serious injury. From judgment imposing prison sentence of not less than three, nor more than seven years, he appealed.

*Attorney General Edmisten, by Associate Attorney Claudette Hardaway, for the State.*

*Kenneth B. Spaulding for defendant appellant.*

BRITT, Judge.

Defendant's two assignments of error relate to the court's instructions to the jury. In his first assignment, he contends that the court erred in defining serious injury as follows: "A serious injury is any physical injury that causes great pain and suffering."

We note that the challenged instruction is the same as that recommended by the *N. C. Pattern Jury Instructions for Criminal Cases* and that *State v. Ferguson,* 261 N.C. 558, 135 S.E. 2d 626 (1964), and *State v. Jones,* 258 N.C. 89, 128 S.E. 2d 1 (1962), are cited as authority for these instructions. While our study of the opinions in *Ferguson* and *Jones* leads us to conclude that the instruction does not find explicit support in either of those cases, it finds implicit support in them.

In *Jones,* we find: " . . . The term 'inflicts serious injury' means physical or bodily injury resulting from an assault with

a deadly weapon with intent to kill. The injury must be serious but it must fall short of causing death. Further definition seems neither wise nor desirable. Whether such serious injury has been inflicted must be determined according to the particular facts of each case." 258 N.C. at 91, 128 S.E. 2d at 3 (1962).

The reference to "with intent to kill" in the quoted statement must be considered in the context of the statute as written at that time. The felony now codified as G.S. 14-32(b) was created by Chapter 602 of the 1969 Session Laws and we think "serious injury" under G.S. 14-32(b) would be the same as under G.S. 14-32(a). Therefore, when the statement quoted from *Jones* is scrutinized, it says that serious injury is "physical or bodily injury," that the injury must be *serious* but fall short of death, and that "[f]urther definition seems neither wise nor desirable."

In *State v. Marshall*, 5 N.C. App. 476, 168 S.E. 2d 487 (1969), this court found no error in the following instruction on serious injury: "Fourth, inflicting serious injury. As to this, members of the jury, this means physical or bodily injury and this I feel needs no further definition. . . . "

We feel that the instruction challenged here imposes a greater degree of injury than that required by *Jones* and that approved in *Marshall;* therefore, we hold the trial court did not err in giving the instruction.

We have considered defendant's other assignment of error but find it too to be without merit.

No error.

Judges HEDRICK and MARTIN concur.