STATE OF NORTH CAROLINA v. WARREN JARMINE STREETER

No. COA00-1163

(Filed 16 October 2001)

**1. Assault— deadly weapon with intent to kill inflicting serious injury—victim seriously injured**

   The trial court did not err in an assault with a deadly weapon with intent to kill inflicting serious injury case by concluding that the evidence supports a finding that the victim was seriously injured, because: (1) the record shows a bullet pierced the victim's shoulder, ricocheted off his shoulder blade, and exited his body and created two holes in his upper body; (2) the victim tes-

tified that the pain really struck when everything calmed down and he looked at the bullet hole that was in his shoulder; and (3) the victim reported pain at the site of the injury to the emergency medical technicians.

**2. Sentencing— mitigating factors—defendant paid child support and maintained a full-time job—presumptive range**

The trial court did not err in an assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into occupied property case by allegedly failing to find the existence of the statutory mitigators that defendant paid child support and maintained a full-time job and by imposing an aggravated range sentence without finding the existence of an aggravating factor, because: (1) the decision to depart from the presumptive range is within the trial court's discretion; (2) the need for findings is only triggered by N.C.G.S. § 15A-1340.16(c) when a court moves outside the presumptive range; and (3) the trial court did not depart from the presumptive range.

**3. Sentencing— Structured Sentencing Act—trial court's discretion—constitutionality**

The trial court did not abuse its discretion or violate defendant's constitutional rights by following the Structured Sentencing Act in an assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into occupied property case, because: (1) the due process clause is not violated when a trial court exercises broad discretion in sentencing when it is bound by the range of sentencing options prescribed by the legislature; (2) defendant's equal protection rights are not violated by his not being treated similarly to other defendants with no aggravators and statutory mitigators present when the judge has had the opportunity to hear the facts, observe the parties to the proceedings, and, after verdict, to inquire into the habits, mentality and past record of the person to be sentenced before imposing punishment within the statutory limits; and (3) the cruel and unusual punishment clause is not violated as long as the judge sentences within the limits established by the legislature.

**4. Appeal and Error— preservation of issues—failure to present authority—failure to present argument**

Although defendant contends the trial court erred by failing to merge the charge of discharging a weapon into occupied property into the charge of assault with a deadly weapon with intent

to kill inflicting serious injury, this assignment of error is abandoned because: (1) defendant failed to present authority or argument to support his contention; and (2) defendant acknowledges existing case law that contravenes his assignment of error.

Appeal by defendant from judgment entered 11 May 2000 by Judge Michael E. Beale in Superior Court, Moore County. Heard in the Court of Appeals 12 September 2001.

*Attorney General, Roy Cooper, by Assistant Attorney General Marc D. Bernstein, for the State.*

*Cunningham, Dedmond, Petersen, & Smith, L.L.P., by Bruce T. Cunningham, Jr., for the defendant-appellant.*

WYNN, Judge.

From a jury verdict finding him guilty of assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into occupied property, defendant appeals. We find no error in his trial.

The State's evidence tended to show that Constance Wall had a child by defendant, but the two were no longer seeing each other when she and Antonio Tanner started dating in March 1998. On 5 April 1998 Tanner noticed defendant trying to "flag [him] down" in his car. Tanner responded by pulling into the parking lot. Defendant also pulled into the lot along the passenger side of Tanner's car and asked, "What is up with you and my girl?" Immediately thereafter, defendant began shooting at Tanner. When Tanner got out of his car and started running away, defendant shot five rounds, hitting Tanner once in the back. That bullet ricocheted off Tanner's right shoulder blade and exited, leaving two bullet holes in his upper back. Initially, Tanner did not feel pain, "[b]ut after everything calmed down . . . that's when the pain really struck." Someone, out of several witnesses to the incident, called 911 which dispatched an ambulance that took him to the hospital.

The issues on appeal are whether: (I) The evidence supported a finding that the victim was seriously injured; (II) the trial court failed to follow the sentencing procedures contained in Article 81B; (III) a trial court can either comply with the structured sentencing law at its discretion; and (IV) the trial court erred in not merging the charge of discharging a weapon into occupied property and assault with a deadly weapon with intent to kill inflicting serious injury.

**[1]** First, defendant contends that the evidence did not support a finding that the victim was seriously injured. We disagree.

> The term "inflicts serious injury" means physical or bodily injury resulting from an assault with a deadly weapon with intent to kill. The injury must be serious but it must fall short of causing death. Further definition seems neither wise nor desirable. Whether such serious injury has been inflicted must be determined according to the particular facts of each case.

*State v. Jones*, 258 N.C. 89, 91, 128 S.E.2d 1, 3 (1962). Serious injury is a "physical or bodily injury" that is "serious." *State v. Williams*, 29 N.C. App. 24, 222 S.E.2d 720, *cert. denied*, 289 N.C. 728, 224 S.E.2d 676 (1976). "A jury may consider such pertinent factors as hospitalization, pain, loss of blood, and time lost at work in determining whether an injury is serious." *State v. Hedgepeth*, 330 N.C. 38, 53, 409 S.E.2d 309, 318 (1991).

In the subject case, the record shows that the bullet pierced Tanner's shoulder, ricocheted off his shoulder blade, and exited his body and created two holes in his upper body. Furthermore, Tanner testified that "after everything calmed down . . . , that's when the pain really struck, you know, when I looked at the bullet hole that was in my shoulder." Tanner also reported pain at the site of the injury to the emergency medical technicians. This was sufficient evidence for a jury to determine that Tanner sustained a serious injury. *See State v. Woods*, 126 N.C. App. 581, 592, 486 S.E.2d 255, 261 (1997). Thus, this assignment of error is rejected.

**[2]** Second, defendant contends that the trial court failed to follow the Sentencing Procedures contained in Article 81B. He specifically argues that the trial court failed to find the existence of uncontroverted statutory mitigators and considered aggravating factors, but did not consider mitigating factors, in violation of N.C. Gen. Stat. § 15A-1340.16. We disagree.

During the sentencing hearing, defendant argued that three statutory mitigators existed. Defendant presented evidence that he paid child support and that he maintained a full-time job. The trial court also asked defendant directly for evidence in mitigation. Then, the trial court considered evidence supporting aggravating factors. After considering mitigation and aggravation evidence, the trial court stated: "I'm choosing not to find aggravated or mitigated [factors]. Sentencing in the presumptive, which I have the discretion to do."

The trial court imposed two sentences in the presumptive range, 100 to 129 months and 24 to 38 months consecutively.

N.C. Gen. Stat. § 15A-1340.16(a) (1999) provides in part that "[t]he court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." Since the decision to depart from the presumptive range is within the trial court's discretion, we must reject defendant's argument on this issue.

Defendant also argues that the trial court imposed an aggravated range sentence without finding the existence of an aggravating factor in violation of N.C. Gen. Stat. § 15A-1340.16 (b) and 1340.13(e). We disagree.

N.C. Gen. Stat. § 15A-1340.17(c)(2) (1999) provides that:

A presumptive range of minimum durations, if the sentence of imprisonment is neither aggravated or mitigated; any minimum term of imprisonment in that range is permitted unless the court finds pursuant to G.S. 15A-1340.16 that an aggravated range or mitigated sentence is appropriate. The presumptive range is the middle of the three ranges in the cell.

According to N.C. Gen. Stat. § 15A-1340.16(c), the need for findings is triggered when a court moves outside the presumptive range. "[T]he Act dictates that once a minimum sentence is determined, the corresponding maximum sentence is specified in a table set forth in the statute. Thus, N.C. Gen. Stat. § 15A-1340.17 (1999) does not provide for judicial discretion in determination of maximum sentences." *State v. Parker*, 143 N.C. App. 680, 686, 550 S.E.2d 174, 177 (2001).

Here, the trial court did not depart from the presumptive range. Defendant was sentenced for a Class C felony with Prior Record Level II for a minimum of 100 months. *See* N.C. Gen. Stat. § 15A-1340.17(c) (1999). The maximum sentence specified under N.C. Gen. Stat. § 15A-1340.17(e) for a minimum term of 100 months is 129 months. The trial court as required by statute sentenced defendant for a maximum of 129 months. Therefore, we reject this assignment of error.

**[3]** Third, defendant contends that if a trial judge can either comply or not comply with the structured sentencing law at his discretion,

then the portion of the Structured Sentencing Act allowing such discretion is unconstitutional. We cannot agree.

Defendant specifically argues that the power of a judge to opt out of complying with the requirement of finding uncontroverted statutory mitigators violates his right to due process. A trial judge may "exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." *Williams v. New York*, 337 U.S. 241, 246, 93 L. Ed. 1337, 1341 (1954). Recently, the United States Supreme Court pointed out that: "We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence within statutory limits in the individual case." *Apprendi v. New Jersey*, 530 U.S. 466, 481, 147 L. Ed. 2d 435, 449 (2000) (emphasis omitted). In *Apprendi*, the Supreme Court noted that trial courts exercise "broad discretion in sentencing" which is "bound by the range of sentencing options prescribed by the legislature." *Id.* Thus, we find the Due Process Clauses of our federal and State Constitutions are not offended by the Structured Sentencing Act.

Defendant also argues that his equal protection rights were violated by not being treated similarly to other defendants with no aggravators and statutory mitigators present. Our Supreme Court addressed this issue in *State v. Jenkins*, 292 N.C. 179, 191, 232 S.E.2d 648, 655 (1977):

> The Legislature has granted a wide discretion to the trained presiding judge who has had the opportunity to hear the facts, observe the parties to the proceeding and, after verdict, to inquire into the habits, mentality and past record of the person to be sentenced before imposing punishment within the statutory limits. The use of this discretionary power by the trial judge is not a denial of equal protection of the laws.

Defendant next argues that the Structured Sentencing Act is arbitrary, in violation of the cruel and unusual punishment clauses of the United States Constitution. Our Supreme Court has found that as long as the judge sentences within the limits established by the legislature, the Eighth Amendment is not offended. *See State v. Cameron*, 284 N.C. 165, 200 S.E.2d 186 (1973), *cert. denied*, 418 U.S. 905, 41 L. Ed. 2d 1153 (1974); *see also State v. Jenkins, supra*. In the present case, the trial judge followed the Structured Sentencing Act and did not abuse his discretion. Therefore, we find defendant's arguments without merit and reject this assignment of error.

**[4]** In his final argument, defendant contends the trial court erred by not merging the charge of discharging a weapon into an occupied property and assault with a deadly weapon with intent to kill inflicting serious injury because each offense contains an element distinct from the other. We cannot agree.

"Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(5) (1999); *see also State v. Bonney*, 329 N.C. 61, 405 S.E.2d 145 (1991); *State v. Thompson*, 110 N.C. App. 217, 429 S.E.2d 590 (1993) (holding that where appellant fails to cite authority in support of an argument, the assignment of error upon which that argument is based will be deemed abandoned). We deem this assignment of error to be abandoned because the defendant presented no authority or argument to support his contention. Moreover, defendant acknowledges existing case law that contravenes his assignment of error. *See State v. Rollins*, 131 N.C. App. 601, 508 S.E.2d 554 (1998).

In summation, we hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges HUNTER and TYSON concur.