BRYANT, Judge.
*162 The assigning of an aggravated sentence to defendant, based upon proper notice and a jury finding that an aggravated factor was present in the instant case, does not violate defendant's right to due process. Where the provisions of N.C. Gen.Stat. § 15A-1340.16 concerning *163 aggravating factors during sentencing are applicable to all defendants, there is no violation of a defendant's right to equal protection.
On 7 November 2011, defendant Calvin Lavander Harris was indicted on one count each of first-degree sexual offense and indecent liberties with a child. A superseding indictment for the same two offenses was issued against defendant on 21 April 2014. The charges came on for trial during the 19 May 2014 criminal session of Guilford County Superior Court, the Honorable Anderson Cromer, Judge presiding. During a pre-trial conference, the State elected to proceed only on the first-degree sexual offense charge against defendant. At trial, the State's evidence tended to show the following.
On 11 August 2011, defendant called 911 to report a burglary at his residence where he resided with his girlfriend and her two minor children, three-year-old Sarah and two-year-old James.[1] Upon arriving at the residence, law enforcement officers were told by defendant that someone had broken into the residence and raped Sarah.
Sarah was taken to the hospital where an examination revealed signs of sexual assault. A search of defendant's residence produced no signs of a break-in; to the contrary, police noted undisturbed cobwebs on and around a sliding door through which defendant claimed the burglar had entered. Police found reddish-brown stains on Sarah's bedding and clothes, as well as on the living room sofa and on paper towels and toilet paper found in the kitchen and bathroom trash cans. DNA testing of these stains matched DNA samples collected from defendant and Sarah.
On 23 May, a jury convicted defendant of first-degree sexual offense with a child. The State then presented three aggravating factors to the jury for consideration: that the victim was very young; that defendant committed the offense while on pretrial release on another charge; and/or that defendant took advantage of a position of trust or confidence to commit the offense. In support of the second aggravating factor, the State introduced evidence that defendant had been arrested in February 2011 on a charge of assault with a deadly weapon with intent to kill; the charge was still pending at the time of the instant trial.
The jury found as an aggravating factor that defendant committed the offense while on pretrial release on another charge. The trial court sentenced defendant to an aggravated sentence of 288 to 355 months imprisonment. Defendant appeals.
____________________
*164 On appeal, defendant raises two issues as to whether his constitutional rights to (I) due process and (II) equal protection were violated when he received an aggravated sentence for committing a crime while on pre-trial release.
I.
Defendant argues that his constitutional right to due process was violated when he received an aggravated sentence for committing a crime while on pre-trial release. We disagree.
"The standard of review for alleged violations of constitutional rights is de novo. " State v. Graham, 200 N.C.App. 204, 214, 683 S.E.2d 437, 444 (2009) (citation omitted). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." State v. Williams, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citations and quotation omitted). "[T]he judicial duty of passing upon the constitutionality of an act of the General Assembly is one of great gravity and delicacy. This Court presumes that any act promulgated by the General Assembly is constitutional *34 and resolves all doubt in favor of its constitutionality." State v. Fowler, 197 N.C.App. 1, 13, 676 S.E.2d 523, 536 (2009) (quoting Guilford Cnty. Bd. of Educ. v. Guilford Cnty. Bd. of Elections, 110 N.C.App. 506, 511, 430 S.E.2d 681, 684 (1993) ).
Defendant contends his constitutional right to due process was violated when the trial court submitted defendant's "pretrial release aggravating factor" because defendant "never received notice of the potential consequence of his pre-trial release." Defendant's argument lacks merit. A review of the record shows the State properly and timely notified defendant on 14 March 2014, more than six weeks before trial, of its intent to prove the existence of three aggravating factors against defendant: that the victim was very young, that defendant committed the offense while on pretrial release on another charge, and that defendant took advantage of a position of trust or confidence to commit the offense. See N.C. Gen.Stat. § 15A-1340.16(a6) (2014) ("The State must provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section ... at least 30 days before trial.... The notice shall list all the aggravating factors the State seeks to establish."). Further, and as acknowledged by defendant, our Supreme Court has held that
*165 [a]lthough a defendant on pretrial release in an unrelated felony case has not been convicted of the felony and is presumed to be innocent of its commission, he is in a special status with regard to the criminal law. He has not simply been accused of another crime, he has been formally arrested, appeared before a magistrate, and had the conditions of his release pending trial for this crime formally determined. Whether or not one in this position is in fact guilty, it is to be expected that he would, while the question of his guilt is pending, be particularly cautious to avoid commission of another criminal offense. If he is not and is convicted of another offense, his status as a pretrial releasee in a pending case is a legitimate circumstance to be considered in imposing sentence. The legislature may constitutionally require that it be considered. One demonstrates disdain for the law by committing an offense while on release pending trial of an earlier charge, and this may indeed be considered an aggravating circumstance.
State v. Webb, 309 N.C. 549, 559, 308 S.E.2d 252, 258 (1983) (citation omitted) (emphasis added).
Defendant, in acknowledging that Webb holds that it is constitutional for a defendant's commission of an offense while on pretrial release for another charge to be used as an aggravating factor in sentencing, nevertheless argues that Webb is no longer applicable because Webb was decided under the Fair Sentencing Act and defendant's sentence was imposed pursuant to the Structured Sentencing Act. Although defendant is correct that the Fair Sentencing Act under which Webb was decided has since been replaced by the Structured Sentencing Act, we disagree with defendant's assertion that the commission of an offense while on pretrial release for another pending charge is unconstitutional for, under both sentencing acts, the consideration of whether a defendant has committed an offense while on pretrial release for another charge as an aggravating factor has remained the same. Compare N.C.G.S. § 15A-1340.4(a) (1981) ("In imposing a prison term, the judge ... may consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence," including the aggravating factor that "defendant committed the crime while on pretrial release on another felony charge[ ]"), with N.C.G.S. § 15A-1340.16(c) (2014) ("If the jury finds factors in aggravation [including the aggravated factor under N.C.G.S. § 15A-1340.16(d)(12) that "defendant committed the offense while on pretrial release on another charge"], the court shall ensure that *166 those findings are entered in the court's determination of sentencing factors form...."). Moreover, this Court has already determined that "the Due Process Clauses of our federal and State Constitutions are not offended by the Structured Sentencing Act." State v. Streeter, 146 N.C.App. 594, 599, 553 S.E.2d 240, 243 (2001). Accordingly, defendant's argument is overruled. *35 II.
Defendant next argues that his constitutional right to equal protection was violated when he received an aggravated sentence for committing a crime while on pre-trial release. We disagree.
The Equal Protection Clause of Article I, Section 19 of the North Carolina Constitution and the Equal Protection Clause of Section 1 of the Fourteenth Amendment to the United States Constitution forbid North Carolina from denying any person the equal protection of the laws, and require that all persons similarly situated be treated alike.
Our [state] courts use the same test as federal courts in evaluating the constitutionality of challenged classifications under an equal protection analysis. When evaluating a challenged classification, [t]he court must first determine which of several tiers of scrutiny should be utilized. Then it must determine whether the [statute] meets the relevant standard of review.
Strict scrutiny applies when a [statute] classifies persons on the basis of certain designated suspect characteristics or when it infringes on the ability of some persons to exercise a fundamental right. Other classifications, including gender and illegitimacy, trigger intermediate scrutiny, which requires the [S]tate to prove that the [statute] is substantially related to an important government interest. If a [statute] draws any other classification, it receives only rational-basis scrutiny, and the party challenging the [statute] must show that it bears no rational relationship to any legitimate government interest. If the party cannot so prove, the [statute] is valid.
However, [a] statute is not subject to the [E]qual [P]rotection [C]lause of the [F]ourteenth [A]mendment of the United States Constitution or [A]rticle I § 19 of the *167 North Carolina Constitution unless it creates a classification between different groups of people.
State v. Fowler, 197 N.C.App. 1, 26-27, 676 S.E.2d 523, 543-44 (2009) (citations and quotations omitted).
Defendant contends his constitutional right to equal protection was violated when he received an aggravated sentence for committing an offense while on pretrial release for another charge. Specifically, defendant argues that, based on the language of Webb which describes a defendant who commits an offense while on pretrial release for another charge as having a "special status," Webb, 309 N.C. at 559, 308 S.E.2d at 258, defendant's equal protection rights have been violated because he received a more severe punishment due to this "special status." We disagree, as the language of N.C.G.S. § 15A-1340.16 applies to all defendants against whom the State seeks to prove the aggravating factor of having committed an offense while on pretrial release for another charge. See N.C.G.S. § 15A-1340.16. Further, a review of Webb indicates that the use of the phrase "special status" is applicable to any and all defendants who commit an offense while on pretrial release for another charge. See Webb, 309 N.C. at 559, 308 S.E.2d at 258. Moreover, an argument similar to defendant's has already been rejected by this Court in Streeter. See Streeter, 146 N.C.App. at 598-600, 553 S.E.2d at 243 (discussing how the use of aggravating and/or mitigating factors during sentencing of a defendant does not constitute a violation of equal protection). Defendant's argument is, therefore, overruled.
NO ERROR.
Judges STEPHENS and DIETZ concur.

Pseudonyms have been used to protect the identities of the minor children.