STATE OF NORTH CAROLINA v. KENNETH R. GREENWOOD

No. 14

(Filed 15 March 1972)

**1. Municipal Corporations § 32— regulation of billiard and dance halls — abatement of nuisances**

A municipal corporation may by ordinance license and regulate the operation of pool and billiard rooms and dance halls, G.S. 160A-181; subject to constitutional limitations, it may by ordinance define and abate nuisances. G.S. 160A-174(a).

**2. Evidence § 1— judicial notice — municipal ordinance**

The courts of this State will not take judicial notice of a municipal ordinance.

3. **Constitutional Law § 20— equal protection — legislative classifications**

   The equal protection clauses of the United States and North Carolina Constitutions impose upon law-making bodies the requirement that any legislative classification be based on differences that are reasonably related to the purposes of the act in which it is found.

4. **Constitutional Law § 20; Municipal Corporations § 32— Sunday closing ordinances — equal protection**

   Sunday closing legislation, like other legislation, may not discriminate arbitrarily either as between persons, or groups of persons, or as between activities which are prohibited and those which are permitted.

5. **Constitutional Law § 20— equal protection — classifications**

   The equal protection clauses do not require perfection in respect of classification, and in borderline cases, the legislative determination is entitled to great weight.

6. **Constitutional Law § 20; Municipal Corporations § 32— ordinance prohibiting operation of billiard hall on Sunday — violation of equal protection**

   A municipal ordinance prohibiting the operation of a billiard hall "at any time on Sunday" violates the equal protection clauses of the United States and North Carolina Constitutions, since the operation of billiard halls on Sunday does not constitute an interference with the peace and quiet of that day in a manner or to an extent substantially different from the operation of other sporting or recreational facilities.

   Justice LAKE concurs in result.

APPEAL by defendant under G.S. 7A-30(1) from the decision of the Court of Appeals reported in 12 N.C. App. 584, 184 S.E. 2d 386.

This criminal action was commenced in the District Court Division, BUNCOMBE County, by a warrant based on an affidavit which alleged that, on or about December 13, 1970, defendant "did unlawfully, wilfully, Operate as an employee of the Family Recreation Center, a licensee, at 85 Tunnel Road on Sunday The said family Recreation Center being a Billiard Hall consisting of 16 billiard tables in violation of City Ordance [sic] Chapter 7 Section 7-7."

The portion of the ordinance referred to in the warrant is set out in the record as follows:

"Sec. 7-7. OPERATION BETWEEN CERTAIN HOURS AND ON SUNDAY PROHIBITED.

State v. Greenwood

It shall be unlawful for any billiard hall licensee or his employee to keep such billiard hall open or to operate the same between the hours of 12:00 midnight and 8:00 a.m., or at any time on Sunday. (Code 1945, § 185)."

The cause came on for hearing before District Court Judge Winner on December 22, 1970, on defendant's (oral) motion to quash the warrant on the ground that it was based on an unconstitutional ordinance. No evidence was offered. Briefs and oral arguments were submitted. Judge Winner considered and answered four specific questions, presumably those raised by defendant as grounds for his motion to quash.

Answering Question I, Judge Winner held that the ordinance came within the provisions of G.S. 160-200(33) and that Asheville had "the power to pass a constitutional ordinance in this area." Answering Question II, he held "that the regulations of businesses, in the area [in which] they may operate, is within the police power vested in the states, and . . . the ordinance is not unconstitutional for that reason." Answering Question III, he held "it is not a denial of freedom of religion to prohibit businesses from opening on Sunday and . . . this ordinance is not unconstitutional for that reason." Question IV and Judge Winner's answer thereto are quoted in full below.

"Question IV: Is the ordinance unconstitutional in that it is a denial of equal protection of the laws, as granted by the Fourteenth Amendment of the United States Constitution? It has been held that statutes may be passed as long as they are not class legislation and are not made to apply arbitrarily to certain persons or classes or to make unreasonable discrimination between persons or classes. It is the opinion of the court that to make a distinction between billiard parlors and other forms of sporting activities for which one must pay a rental for the use of premises, is both unreasonable and arbitrary and it does create a discrimination between businesses of the same type or class with no apparent reason for the discrimination. This court cannot find any reasonable distinction between the operation of billiard halls and the operation of bowling alleys, snooker parlors, golf courses or tennis courts. In this day and time, there is nothing inherent in the playing of billiards, which distinguishes it from any of the above mentioned sports. It is therefore the opinion of this court that the ordinance named

does deny the defendant the equal protection of the laws, and it is therefore unconstitutional."

Holding the ordinance denied to defendant the equal protection of the laws, Judge Winner quashed the warrant and dismissed the action.

An appeal by the State from Judge Winner's judgment was heard at the January 25, 1971 Criminal Session of the Superior Court of Buncombe County by Ervin, J., who affirmed Judge Winner's judgment. On the State's appeal therefrom, Judge Ervin's judgment was reversed by the Court of Appeals. Defendant appeals to this Court as of right under G.S. 7A-30(1).

Attorney General Morgan and Associate Attorney General Baxter for the State.

Uzzell & DuMont, by Harry DuMont and Ervin L. Ball, Jr., for defendant appellant.

BOBBITT, Chief Justice.

Rejecting defendant's contention to the contrary, the Court of Appeals upheld the State's right of appeal from Judge Ervin's judgment. In this respect, the decision of the Court of Appeals is affirmed for the reasons well and fully stated in the opinion of Chief Judge Mallard.

G.S. 160-200(33), Vol. 3D, Replacement 1964, authorized the legislative body of a municipal corporation "[t]o license, prohibit, and regulate pool and billiard rooms and dance halls, and in the interest of public morals provide for the revocation of such licenses." The quoted statutory provision was repealed by Chapter 698 of the Session Laws of 1971, effective January 1, 1972. However, the section of the 1971 Act designated G.S. 160A-174(a) provides: "A city may by ordinance define, prohibit, regulate, or abate acts, omissions, or conditions detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the city, and may define and abate nuisances." Vol. 3D, 1971 Cumulative Supplement. G.S. 160A-181 in part provides: "A city may by ordinance regulate places of amusement and entertainment, and may regulate, restrict or prohibit the operation of pool and billiard halls, dance halls, carnivals, circuses, or any itinerant show or exhibition of any

kind." However, "[a] city ordinance shall be consistent with the Constitution and laws of North Carolina and of the United States." G.S. 160A-174(b).

[1] Unquestionably, Asheville may by ordinance license and regulate the operation of pool and billiard rooms and dance halls. Subject to constitutional limitations, it may by ordinance "define and abate nuisances." As to this, Judge Winner, Judge Ervin and the Court of Appeals are in accord.

The subject ordinance is violated if a billiard hall licensee opens or operates his business "between the hours of 12:00 midnight and 8:00 a.m., or at any time on Sunday." The ordinance provision on which this prosecution is based does not purport to regulate in any respect the manner in which a billiard hall is operated; it *prohibits* the operation thereof in any manner on Sunday and during specified hours on other days. The warrant charges that defendant, a billiard hall licensee, operated his place of business on a specified Sunday. Since there is no allegation that this operation occurred between the hours of 12:00 midnight and 8:00 a.m., the constitutional question here presented relates to the portion of the ordinance which absolutely prohibits the opening and operation "at any time on Sunday" of a business otherwise recognized as legitimate. The constitutionality thereof depends upon whether the absolute prohibition on Sunday of the one business of operating billiard halls by licensed operators in a lawful manner denies to defendant the equal protection of the laws guaranteed by Article I, § 19, of the Constitution of North Carolina, and by the Fourteenth Amendment to the Constitution of the United States.

"A valid ordinance must be shown or the prosecution necessarily fails." *State v. Prevo,* 178 N.C. 740, 742, 101 S.E. 370, 371 (1919). Accord: *State v. Abernethy,* 190 N.C. 768, 772, 130 S.E. 619, 621 (1925); *State v. McGraw,* 249 N.C. 205, 206, 105 S.E. 2d 659, 661 (1958).

[2] This prosecution is based solely on the ordinance provision ("Sec. 7-7") quoted in our statement of facts. As stated by Justice (later Chief Justice) Parker in *Surplus Co. v. Pleasants,* 263 N.C. 587, 591, 139 S.E. 2d 892, 895 (1965): "This Court has consistently held that our courts of general jurisdiction and the Supreme Court will not take judicial notice of a municipal

ordinance." This statement is fully supported by the cited texts and decisions.

Upon oral argument, it was stated without contradiction that Asheville has no general Sunday closing ordinance. Be that as it may, no other ordinance was offered in evidence or placed before us pursuant to stipulation. The validity of the ordinance provision under consideration must be determined solely on the basis of its own terms.

[3] The equal protection clauses of the United States and North Carolina Constitutions impose upon law-making bodies the requirement that any legislative classification "be based on differences that are reasonably related to the purposes of the Act in which it is found." *Morey v. Doud,* 354 U.S. 457, 465, 1 L.Ed. 2d 1485, 1491, 77 S.Ct. 1344, 1350 (1957). "The general rule is that the enactment of Sunday regulations is a legitimate exercise of the police power, and that the classification on which a Sunday law is based is within the discretion of the legislative branch of the government or within the discretion of the governing body of a municipality clothed with power to enact and enforce ordinances for the observance of Sunday, and will be upheld, *provided the classification is founded upon reasonable distinctions,* affects all persons similarly situated or engaged in the same business without discrimination, and has some reasonable relation to the public peace, welfare and safety." (Our italics.) *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 229, 134 S.E. 2d 364, 369 (1964).

In determining whether a Sunday ban on the operation of billiard halls, but on no other businesses which provide facilities and opportunities for recreation, amusements and sports, denies equal protection to the operators of billiard halls, consideration must be given (1) to the *purpose* of the ordinance, and (2) to the *classification* involved.

[4] The validity of a Sunday closing statute or ordinance depends "upon its reasonable relation to the accomplishment of the State's legitimate objective, which, in this instance, is the promotion of the public health, safety, morals and welfare by the establishment of a day of rest and relaxation. Legislation for this purpose, like other legislation, may not discriminate arbitrarily either as between persons, or groups of persons, or as between activities which are prohibited and those which

are permitted." *Mobile Home Sales v. Tomlinson*, 276 N.C. 661, 666-67, 174 S.E. 2d 542, 546 (1970). Assuming Asheville's objective was to promote Sunday as a day of rest, tranquillity and relaxation, the subject ordinance provision does nothing to accomplish that objective except prohibit the operation of billiard halls.

[6] The crucial question is whether, in relation to the purpose of the ordinance, there is a rational basis for placing billiard halls in a unique class, separate and apart from all other businesses which offer facilities and opportunities for recreation, sports and amusements. An affirmative answer would require that we hold that the operation of billiard halls on Sunday constitutes an interference with the peace and quiet of that day in a manner or to an extent substantially different from the operation of other sporting or recreational facilities. To so hold would require us to disregard plain facts. Bowling alleys, dance halls, skating rinks, swimming pools, amusement parks, spectator games and sports, and similar businesses, no less than billiard halls, are *potential* gathering places for idlers and trouble-makers and *potential* centers for boisterousness, immorality and crime. However, all are facilities for wholesome recreation. In terms of the *purpose* of the ordinance all are within *the same classification.*

Municipal ordinances which prohibit generally all sales of merchandise on Sunday with specific exceptions have been upheld in *Charles Stores v. Tucker*, 263 N.C. 710, 140 S.E. 2d 370 (1965); *Clark's v. West*, 268 N.C. 527, 151 S.E. 2d 5 (1966); *Kresge Co. v. Tomlinson*, 275 N.C. 1, 165 S.E. 2d 236 (1969); *Mobile Home Sales v. Tomlinson, supra; Kresge Co. v. Davis*, 277 N.C. 654, 178 S.E. 2d 382 (1971). Municipal ordinances which prohibit generally all businesses on Sunday with specific exceptions have been upheld in *State v. Trantham*, 230 N.C. 641, 55 S.E. 2d 198 (1949); *State v. McGee*, 237 N.C. 633, 75 S.E. 2d 783 (1953); *State v. Towery*, 239 N.C. 274, 79 S.E. 2d 513 (1954); *Clark's Charlotte, Inc. v. Hunter, supra*. The issue of whether there was a rational and nondiscriminatory basis for the exceptions to the general prohibitions was involved in these cases.

In *Surplus Store, Inc. v. Hunter*, 257 N.C. 206, 125 S.E. 2d 764 (1962), the statute under consideration prohibited Sunday sales, at retail, of specified articles of merchandise, but

excepted "novelties, toys, souvenirs, and articles necessary for making repairs and performing services." The provision purporting to identify excepted articles was held "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* at 213, 125 S.E. 2d at 769. The statute was held unconstitutional on the ground of uncertainty as to what merchandise was affected by the prohibition. Hence, there was no basis for considering whether there was a rational and nondiscriminatory basis for the specific prohibitions.

[5] The equal protection clauses do not require perfection in respect of classifications. In borderline cases, the legislative determination is entitled to great weight. However, this is not a borderline case. The Sunday closing ordinance here involved singles out and bans one particular business but permits others which provide facilities for recreation, sports and amusements, and potentionally are equally disruptive.

Although different factually, decisions based on cognate legal principles include the following: In *State v. Smith,* 265 N.C. 173, 143 S.E. 2d 293 (1965), a Forsyth County resolution which closed "clubs" located within three hundred yards of a church or school between 2:00 a.m. and 12:00 midnight on Sunday, was held to be arbitrary and unreasonable. In *Cheek v. City of Charlotte,* 273 N.C. 293, 160 S.E. 2d 18 (1968), an ordinance which strictly regulated "massage parlors, health salons, or physical culture studios" but excepted barber shops, beauty parlors, and Y.M.C.A. and Y.W.C.A. health clubs, was held to violate equal protection. In *State v. Glidden Co.,* 228 N.C. 664, 46 S.E. 2d 860 (1948), a statute (G.S. 113-172) which proscribed the emptying of deleterious substances into the waters of the State, but exempted corporations chartered before 1915, was held "to mechanically split into two groups persons in like situation with regard to the subject matter dealt with" and therefore to be unconstitutional.

In *its appeal* from Judge Ervin's judgment, *the State* did not draw into focus, and the opinion of the Court of Appeals did not discuss, the Sunday closing feature of the ordinance provision. However, on *his appeal* from the Court of Appeals, *defendant* emphasizes this feature both by brief and on oral argument.

**[6]** Since the ordinance provision prohibiting the operation of billiard halls on Sunday violates the equal protection clauses, defendant's motion to quash was properly allowed. Hence, the judgment of the Court of Appeals is reversed; and the cause is remanded to the Court of Appeals with direction to enter a judgment affirming the judgment of Judge Ervin.

Reversed.

Justice LAKE concurs in results.