DIETZ, Judge.
 

 *772
 
 Defendant Joshua Stroessenreuther appeals from the trial court's order imposing satellite-based monitoring. Relying on the U.S. Supreme Court's recent decision in
 
 Grady v. North Carolina
 
 , --- U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015), which held that satellite-based
 
 *773
 
 monitoring implicates the Fourth Amendment, Stroessenreuther argues that our State's satellite-based monitoring laws are facially unconstitutional or, alternatively, unconstitutional as applied to him.
 

 We reject Stroessenreuther's facial challenge. That challenge is premised on the notion that, because the satellite-based monitoring statute does not expressly authorize trial courts to consider the reasonableness of the monitoring under the Fourth Amendment, the law is facially unconstitutional. But the statute neither permits nor prohibits trial courts from addressing this constitutional argument-it is simply silent. As a result, trial courts are free to address this Fourth Amendment issue, and hold a hearing if necessary, when defendants assert it. Indeed, this Court has issued several recent decisions discussing the procedures trial courts should use when a Fourth Amendment argument is raised under
 
 Grady
 
 . These decisions confirm that trial courts can (and must) consider a Fourth Amendment challenge to satellite-based monitoring when a defendant raises it. Accordingly, Stroessenreuther's facial challenge is meritless.
 

 The State concedes that Stroessenreuther's as-applied challenge is meritorious, and we agree. Under
 
 Grady
 
 , the trial court was required to consider the reasonableness of the satellite-based monitoring when Stroessenreuther challenged that monitoring on Fourth Amendment grounds. The trial court did not conduct that inquiry in this case, and we must therefore vacate the imposition of satellite-based monitoring. We remand this case for the trial court to conduct the necessary reasonableness inquiry described in our decisions in
 
 State v. Blue
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 524
 
 , 527 (2016) and
 
 State v. Morris
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 528
 
 , 530 (2016).
 

 Facts and Procedural History
 

 On 29 October 2015, Defendant Joshua Stroessenreuther entered an
 
 Alford
 
 plea to one count of indecent liberties with a child and one count of sex offense with a child as an adult offender. Stroessenreuther stipulated to a prior conviction for sex offense with a child as an adult offender. The trial court sentenced him to 300 to 420 months of imprisonment and ordered lifetime sex offender registration.
 

 At the sentencing hearing, the State also requested lifetime satellite-based monitoring because Stroessenreuther had been convicted of a reportable offense under
 
 N.C. Gen. Stat. § 14-208.6
 
 and qualified as a recidivist based on his prior conviction.
 

 Stroessenreuther argued that "[t]he satellite-based monitoring statute violates the Federal and State Constitutions based both on their face
 
 *774
 
 and as applied to this Defendant" because "[t]he imposition of satellite-based monitoring violates the defendant's right to be free from unreasonable searches and seizures." He relied on the U.S. Supreme Court's recent ruling in
 
 Grady
 
 . In
 
 Grady
 
 , the Supreme Court held that North Carolina's satellite-based monitoring program implicates the Fourth Amendment.
 
 135 S.Ct. at 1371
 
 .
 

 The State responded that there was no need to address the reasonableness of the monitoring under the Fourth Amendment because imposition of lifetime monitoring was required by the applicable statute. The trial court responded "I understand" and entered an order imposing lifetime satellite-based monitoring without addressing Stroessenreuther's Fourth Amendment argument. Stroessenreuther timely appealed.
 

 *736
 

 Analysis
 

 I. Facial Challenge
 

 Stroessenreuther first argues that our State's satellite-based monitoring statute is facially unconstitutional because it requires the trial court to impose satellite-based monitoring without permitting the trial court to consider whether that monitoring is reasonable under the Fourth Amendment. This, Stroessenreuther argues, violates the Supreme Court's holding in
 
 Grady
 
 , which held that satellite-based monitoring implicates the Fourth Amendment. As explained below, we reject this facial challenge because trial courts are capable of addressing any Fourth Amendment concerns raised by defendants before imposing satellite-based monitoring.
 
 [1]
 

 "An individual challenging the facial constitutionality of a legislative act must establish that no set of circumstances exists under which the act would be valid."
 
 State v. Whiteley
 
 ,
 
 172 N.C.App. 772
 
 , 778,
 
 616 S.E.2d 576
 
 , 580 (2005). "The standard of review for alleged violations of constitutional rights is
 
 de novo
 
 ."
 
 State v. Graham
 
 ,
 
 200 N.C.App. 204
 
 , 214,
 
 683 S.E.2d 437
 
 , 444 (2009).
 

 *775
 
 Stroessenreuther contends that, in our State's satellite-based monitoring laws, "there is no opportunity provided for the state to present evidence to meet its burden of proving that the imposition of [satellite-based monitoring] is reasonable under the Fourth Amendment" and "no provision allowing the trial court to consider the reasonableness of [satellite-based monitoring] under the Fourth Amendment."
 

 We agree with Stroessenreuther that the satellite-based monitoring statute does not expressly set out a procedure for hearing a Fourth Amendment argument challenging the reasonableness of the monitoring.
 
 See
 

 N.C. Gen. Stat. § 14-208
 
 .40A. But the statute also does not
 
 prohibit
 
 a trial court from hearing and considering that Fourth Amendment argument. This is a critical distinction. If the statute precluded trial courts from considering the reasonableness of the monitoring, the statute would be unconstitutional on its face.
 
 Grady
 
 ,
 
 135 S.Ct. at 1371
 
 . But merely lacking an express procedure for evaluating the reasonableness of the monitoring does not render the statute facially unconstitutional. There are countless examples of courts considering constitutional arguments despite no formal process for doing so.
 
 See, e.g.,
 

 City of Los Angeles v. Patel
 
 , --- U.S. ----,
 
 135 S.Ct. 2443
 
 ,
 
 192 L.Ed.2d 435
 
 (2015) ;
 
 State v. Davis
 
 ,
 
 96 N.C.App. 545
 
 ,
 
 386 S.E.2d 743
 
 (1989).
 

 Indeed, this Court has vacated and remanded several satellite-based monitoring cases to permit trial courts to engage in the proper analysis required by
 
 Grady
 
 .
 
 See
 

 Blue
 
 , --- N.C. App. at ----, 783 S.E.2d at 527 ;
 
 Morris
 
 , --- N.C. App. at ----, 783 S.E.2d at 530 ;
 
 State v. Collins
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 9
 
 , 16 (2016). These cases illustrate that trial courts can, and must, engage in that reasonableness inquiry when the defendant asserts a Fourth Amendment challenge, regardless of whether the statute sets out an express procedure for doing so. As a result, Stroessenreuther's facial challenge to our State's satellite-based monitoring statute is meritless.
 

 II. As-Applied Challenge
 

 Stroessenreuther next argues that the satellite-based monitoring program is unconstitutional as applied to him because the trial court imposed that monitoring without first considering whether it was reasonable under the Fourth Amendment. The State concedes that, in light of
 
 Grady
 
 , the trial court erred by failing to engage in a reasonableness
 
 *737
 
 inquiry once Stroessenreuther asserted his Fourth Amendment claim. We agree. As in
 
 Blue
 
 and
 
 Morris
 
 , we vacate the order imposing satellite-based monitoring and remand for a new hearing in which the trial court can engage in the analysis outlined by this Court in those cases.
 
 See
 

 *776
 

 Morris
 
 , --- N.C. App. at ----, 783 S.E.2d at 530 ;
 
 Blue
 
 , --- N.C. App. at ----, 783 S.E.2d at 527.
 

 Conclusion
 

 We vacate the trial court's order imposing satellite-based monitoring and remand for further proceedings consistent with this opinion.
 

 VACATED AND REMANDED.
 

 Judges ELMORE and DAVIS concur.
 

 [1]
 

 Section 1-267.1(a1) of our General Statutes provides that "any facial challenge to the validity of an act of the General Assembly shall be transferred ... to the Superior Court of Wake County and shall be heard and determined by a three-judge panel of the Superior Court of Wake County." But subsection (d) of the statute provides that this rule "applies only to civil proceedings" and "[n]othing in this section shall be deemed to apply to criminal proceedings."
 
 N.C. Gen. Stat. § 1-267.1
 
 (d). Although imposition of satellite-based monitoring is civil, not criminal, in nature, this satellite-based monitoring issue arose during a criminal sentencing proceeding. We interpret Section 1-267.1 to permit a criminal defendant to assert this type of constitutional challenge before a single trial judge during sentencing without having to transfer the issue to a three-judge panel.