STROUD, Judge.
 

 *641
 
 Defendant appeals an order requiring him to enroll in North Carolina's sex offender satellite-based monitoring ("SBM") program. Because defendant raised no objection under the Fourth Amendment at the SBM hearing and the issue was not implicitly addressed or ruled upon by the trial court, it was not preserved for appellate review. In our discretion, we decline to grant review under Rule 2 since the law was well-established at the time of the hearing and the State was not on notice of the need to address
 
 Grady
 
 issues due to defendant's failure to raise any constitutional argument. Since defendant raised no other argument about the SBM order, we affirm.
 

 I. Background
 

 In 2009, defendant pled guilty to taking indecent liberties with a child.
 
 See
 

 State v. Lindsey
 
 , --- N.C. App. ----,
 
 789 S.E.2d 568
 
 ,
 
 2016 WL 3406559
 
 at *2 (June 21, 2016) (COA15-1251) (unpublished) ("
 
 Lindsey I
 
 "). Defendant was ordered to enroll in SBM,
 
 id.
 
 at *3, and "[d]efendant appeal[ed] from [the] order of the trial court requiring him to enroll in North Carolina's sex offender satellite-based monitoring ('SBM') program."
 
 Id.
 
 at *1. "Because the trial court failed to make the statutorily-required finding that defendant 'requires the highest possible level of supervision and monitoring[,]' N.C. Gen. Stat. § 15A-208.40B(c) (2015)," this Court remanded for further proceedings.
 
 Id.
 
 at *1-2.
 
 In Lindsey I
 
 , defendant's arguments and this Court's ruling were based only upon the application of the SBM statute itself.
 
 See
 

 Lindsey I
 
 , --- N.C. App. ----,
 
 789 S.E.2d 568
 
 . Defendant raised no constitutional arguments in
 
 Lindsey I
 
 , nor did this Court's opinion address any constitutional issues.
 
 See
 
 id.
 

 This case was not remanded for what has now become known as a "
 
 Grady
 
 hearing" but only for a new hearing to address the statutory issues.
 
 See
 
 id.
 

 On 30 March 2015, the United States Supreme Court issued its per curiam ruling in
 
 Grady v. North Carolina
 
 , holding that SBM is a search under the Fourth Amendment and therefore is subject to the constitutional requirements of the Fourth Amendment.
 
 See
 

 Grady
 
 , --- U.S. ----,
 
 135 S.Ct. 1368
 
 , 1371,
 
 191 L.Ed. 2d 459
 
 (2015) (per curiam). In
 
 Grady
 
 , the defendant had argued that SBM "would violate his Fourth Amendment right to be free from unreasonable search and seizures."
 

 Id.
 

 ,
 
 135 S.Ct. at 1369
 
 , 191 L. E. 2d at 460. Our Court stated,
 

 The United States Supreme Court held that despite its civil nature, North Carolina's SBM program "effects a Fourth Amendment search."
 
 Grady v. North Carolina
 
 , 575 U.S. ----, ----, [
 
 135 S.Ct. 1368
 
 , 1371]
 
 191 L.Ed. 2d 459
 
 , 462 (2015) (per curiam). However, since "[t]he Fourth Amendment
 
 *642
 
 prohibits only unreasonable searches[,]" the Supreme Court remanded the case for North Carolina courts to "examine whether the State's monitoring program is reasonable-when properly viewed as a search ...."
 

 Id.
 

 at ----, [
 
 135 S.Ct. at 1371
 
 ]
 
 191 L.Ed. 2d at 463
 
 .
 

 State v. Grady
 
 , --- N.C. App. ----, ---- - ----,
 
 317 S.E.2d 18
 
 , 21-23,
 
 2018 WL 2206344
 
 , *2-3 (May 15, 2018) (COA17-12).
 

 Defendant's hearing on remand, as directed by
 
 Lindsey I
 
 , was held on 8 November 2016, over a year after the United States Supreme Court's ruling in
 
 Grady
 
 .
 
 See generally
 

 Grady
 
 ,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed. 2d 459
 
 . At the hearing on remand, defendant raised no constitutional objection to SBM based upon the Fourth Amendment or
 
 Grady
 
 . On or about 10 November 2016, the trial court
 
 *346
 
 again ordered defendant to enroll in SBM. Defendant appeals.
 

 II. Petition for Writ of Certiorari
 

 Although defendant timely filed a written notice of appeal after entry of the SBM order, he failed to specifically designate this Court as the court he was appealing to in the notice. Because of the defect in his notice of appeal, defendant filed a petition for certiorari with this Court due to his failure to designate this Court as the court he was appealing to in his notice of appeal. The State has claimed no prejudice on appeal due to defendant's failure to note he was appealing to this Court. In our discretion, we grant defendant's petition for certiorari to ensure his appeal is properly before us.
 
 See generally
 

 Luther v. Seawell
 
 ,
 
 191 N.C. App. 139
 
 , 142,
 
 662 S.E.2d 1
 
 , 3 (2008) ("This Court does have the authority pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) to treat the purported appeal as a petition for writ of certiorari and grant it in our discretion." (citations and quotation marks omitted) ).
 

 III. Waiver
 

 Defendant raises only one issue on appeal and argues that "[t]he [S]tate failed to meet its burden of proving that imposing SBM on Mr. Lindsey is reasonable under the Fourth Amendment." The State contends that defendant has waived his Fourth Amendment argument by his failure to raise the issue. The State, citing
 
 State v. Stroessenreuther
 
 , --- N.C. App. ----, ----,
 
 793 S.E.2d 734
 
 (2016), argues that it has the burden to establish the reasonableness of SBM under the Fourth Amendment
 
 only
 
 if the defendant raises the issue at the hearing.
 
 Stroessenreuther
 
 states "[t]rial courts can (and must) consider a Fourth Amendment challenge to satellite-based monitoring
 
 when a defendant raises it.
 
 "
 

 *643
 

 Id.
 

 at ----,
 
 793 S.E.2d at 735
 
 (emphasis added). The State contends that "[i]f this statement in
 
 Stroessenreuther
 
 is to have any meaning or application at all, then unless the defendant argues that SBM enrollment violates his Fourth Amendment rights to be free from unreasonable searches, the trial court need not conduct a reasonableness inquiry." Although "this statement in
 
 Stroessenreuther
 
 " was not the holding, it is a correct statement of the law.
 
 See
 
 id.
 

 Constitutional issues must be asserted by the defendant in other contexts, and this rule has equal application in a SBM hearing.
 
 See e.g.
 
 ,
 
 State v. Valentine
 
 ,
 
 357 N.C. 512
 
 , 525,
 
 591 S.E.2d 846
 
 , 857 (2003) ("Defendant's argument is based upon his Fifth Amendment right to silence and his Sixth Amendment right to counsel. However, defendant did not raise these constitutional concerns before reaching this Court. The failure to raise a constitutional issue before the trial court bars appellate review. Based upon our long-established law, defendant has waived this issue, and he is barred from raising it on appellate review before this Court." (citations omitted) ).
 

 Defendant argues in his reply brief that the Fourth Amendment was implicitly raised, contending,
 

 "[t]he rule that constitutional questions must be raised first in the trial court is based upon the reasoning that the trial court should, in the first instance, 'pass[ ] on' the issue."
 
 State v. Kirkwood
 
 ,
 
 229 N.C. App. 656
 
 , 665,
 
 747 S.E.2d 730
 
 , 737 (quoting
 
 State v. Tirado
 
 ,
 
 358 N.C. 551
 
 , 571,
 
 599 S.E.2d 515
 
 , 529 (2004) ),
 
 appeal dismissed
 
 ,
 
 367 N.C. 277
 
 ,
 
 752 S.E.2d 487
 
 (2013). Consequently, when the record shows that "the trial court addressed and ruled upon" a constitutional issue, the "issue is properly before this Court" for review, despite any possible default by the appellant in preserving the issue.
 
 Id.
 
 at 665-66,
 
 747 S.E.2d at
 
 737 ; accord
 
 In re Hall
 
 ,
 
 238 N.C. App. 322
 
 , 329 n.2,
 
 768 S.E.2d 39
 
 , 44 n.2 (2014) ("[S]ince the record supports a determination that the trial court reviewed and denied petitioner's
 
 ex post facto
 
 argument [regarding sex offender registration], we will review petitioner's contentions on appeal.");
 
 State v. Woodruff
 
 , No. COA13-812 [
 
 232 N.C.App. 186
 
 ]
 
 2014 WL 218397
 
 , at *1 (N.C. Ct. App. Jan. 21, 2014) (unpublished) (reviewing double jeopardy claim, despite defendant's failure to "explicit[ly] mention" issue at trial, when "trial court possibly addressed and ruled upon" issue). Here, as in
 
 Kirkwood
 
 ,
 
 Hall
 
 , and
 
 Woodruff
 
 , Mr. Lindsey's
 
 Grady
 
 argument is "properly before this Court" for review because the trial
 
 *644
 
 court, consistent with the fundamental
 
 *347
 
 goal of Rule 10, "addressed and ruled upon" the issue in the first instance.
 
 Kirkwood
 
 ,
 
 229 N.C. App. at 665-66
 
 ,
 
 747 S.E.2d at 737
 
 . The state's waiver argument should be rejected.
 

 In addition, defendant has requested we invoke Rule 2 of the Rules of Appellate Procedure to consider his constitutional issue.
 

 This Court addressed a similar situation recently in
 
 State v. Bursell
 
 , --- N.C. App. ----, ----,
 
 813 S.E.2d 463
 
 (2018). In
 
 Bursell
 
 , on 10 August 2016, the trial court ordered defendant to enroll in lifetime SBM following his guilty plea and sentencing for statutory rape and indecent liberties. --- N.C. App. at ----,
 
 813 S.E.2d at 464
 
 . On appeal, the defendant raised a constitutional argument based upon the Fourth amendment and
 
 Grady
 
 .
 

 Id.
 

 at ----,
 
 813 S.E.2d at 465
 
 . The State contended that the constitutional issue was not preserved for review because "although defendant objected at sentencing to the orders of registration and SBM, ... he neither referenced
 
 Grady
 
 nor 'raised any objection that the imposition of SBM effected an unreasonable search in violation of the Fourth Amendment[.]' "
 

 Id.
 

 at ----,
 
 813 S.E.2d at 465
 
 (ellipses and brackets omitted).
 

 The
 
 Bursell
 
 Court noted that
 

 generally, constitutional errors not raised by objection at trial are deemed waived on appeal. However, where a constitutional challenge not clearly and directly presented to the trial court is implicit in a party's argument before the trial court, it is preserved for appellate review.
 

 Id.
 

 at ----
 
 813 S.E.2d at 465
 
 (citations, quotation marks, and brackets omitted). After reviewing the transcript of the SBM hearing, this Court determined that it was
 

 readily apparent from the context that his objection was based upon the insufficiency of the State's evidence to support an order imposing SBM, which directly implicates defendant's rights under
 
 Grady
 
 to a Fourth Amendment reasonableness determination before the imposition of SBM.
 

 Id.
 

 at ----
 
 813 S.E.2d at 467
 
 .
 

 We have also reviewed the transcript of the SBM hearing in this case, as compared to the portions of the transcript noted in
 
 Bursell
 
 , and even considering this case in accord with
 
 Bursell
 
 , here defendant
 
 *645
 
 simply did not raise any constitutional objection, either explicity or implicitly. In
 
 Bursell
 
 , the SBM hearing was the initial hearing held immediately after sentencing.
 

 Id.
 

 at ----,
 
 813 S.E.2d at 464
 
 . Here, the SBM hearing was held based upon this Court's directive in
 
 Lindsey I
 
 , where we remanded because the trial court had not made an explicit determination "that defendant requires the highest possible level of supervision and monitoring" and because "the court did not mark a box in paragraph 4 of the 'Findings' section on the AOC-CR-616 order form to indicate the basis for its decision to place defendant on satellite-based monitoring."
 
 Lindsey I
 
 , --- N.C. App. ----,
 
 789 S.E.2d 568
 
 , *1-7 (quotation marks omitted). And on remand, the State and trial court held a hearing as directed by
 
 Lindsey I
 
 where defendant did not-even indirectly-raise any constitutional argument regarding the reasonableness of SBM under the Fourth Amendment or
 
 Grady
 
 .
 

 At the beginning of the hearing, the prosecutor called the matter for a SBM hearing and defendant agreed "this is a call-back hearing[:]"
 

 MS. HAWKINS: William Lindsey, number 207 on the calendar he is on for a Satellite Base Monitoring hearing.
 

 In Mr. Lindsey's hearing I have my probation officer here. I believe for purposes of time that the defendant will stipulate to the letter and to the service of that letter, and that he did indeed receive that letter; is that correct, Mr. Wilson?
 

 MR. WILSON: Yes, your Honor, this is a call-back hearing.
 
 [1]
 

 *348
 
 With no further discussion of the purpose of the hearing, the State presented its evidence. The hearing was very brief and no evidence regarding a Fourth Amendment search analysis was presented. The State called only one witness, a probation officer, not defendant's, and admitted only one exhibit, a Static 99 risk assessment. Consistent with the directive of this Court in
 
 Lindsey I
 
 , the main focus of the hearing was whether defendant should be subject to SBM as "the highest possible level of
 
 *646
 
 supervision and monitoring, N.C. Gen. Stat. § 15A-208.40B(c)[.]"
 

 Id.
 

 at ----
 
 789 S.E.2d 568
 
 , * 1-2.
 

 After the testimony of the probation officer, the trial court asked to review "the investigative file that the DA may have in their possession in regards to the background, more detailed background of the charges and disposition[,]" and defendant had no objection to the trial court's review of this file. The trial court then adjourned the hearing until two days later to have "the opportunity to look at the investigative file" before making its decision. We are uncertain of the purpose of the trial court's review of the entire investigative file from defendant's 2009 prosecution, since it is well-established that SBM decisions must be based only upon the
 
 elements
 
 of the crime for which the defendant was convicted, whether by plea or trial, and not upon the facts alleged by the State in its prosecution.
 
 [2]
 

 See
 

 State v. Santos
 
 ,
 
 210 N.C. App. 448
 
 , 453,
 
 708 S.E.2d 208
 
 , 212 (2011) ("[I]n
 
 State v. Davison
 
 , ... we held that when making a determination pursuant to N.C.G.S. § 14-208.40A, the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction." (quotation marks omitted);
 
 see also
 

 State v. Davison
 
 ,
 
 201 N.C. App. 354
 
 , 364,
 
 689 S.E.2d 510
 
 , 517 (2009) ("The General Assembly's repeated use of the term 'conviction' compels us to conclude that, when making a determination pursuant to N.C.G.S. § 14-208.40A, the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction. In the case before us, the trial court erred when making its determinations by considering Defendant's plea colloquy in addition to the mere fact of his conviction.").
 

 But whatever the purpose of the trial court's review of the file, a file from a 2009 prosecution would not contain the information needed for a
 
 Grady
 
 hearing. Yet the trial court used this information, as well as evidence from the hearing, to determine that defendant should be enrolled in SBM. In announcing its ruling, the trial court specifically referred to "the investigative report" at least twice and noted, "As I said the Court has reviewed the investigative report and indicated a series of sexual indiscretions with this minor age child. The defendant was aware of her age, but continued to take-have sexual activities with her." The trial court's "ADDITIONAL FINDINGS" attached to the order were:
 

 *647
 
 1. The defendant, when he became aware that the victim was under age, continued his sexual activity with her.
 

 2. At the time of conviction, the defendant had 9 prior record points and was record level IV.
 

 3. It is reasonable for public safety and justified that the defendant be placed on satellite based monitoring for a period of 5 years.
 

 4. The defendant is be to given credit toward that 5 year period for any previous time that the defendant has been subject to satellite based monitoring.
 

 None of the additional findings address a
 
 Grady
 
 analysis or issues under the Fourth Amendment, but instead only address the trial court's reasons for requiring SBM as "the highest possible level of supervision and monitoring." Thus, the constitutional issues related to
 
 Grady
 
 were neither raised by defendant
 
 nor
 
 ruled upon by the trial court as defendant contends, so this issue has not been preserved for appellate review.
 

 *349
 
 Defendant's request for review under Rule 2 remains to be considered. Again,
 
 Bursell
 
 is helpful to our analysis. In
 
 Bursell
 
 , this Court determined the
 
 Grady
 
 issue had been implicitly addressed in the trial court and was preserved. --- N.C. App. at ----,
 
 813 S.E.2d at 466
 
 . But the Court also noted that "[a]ssuming,
 
 arguendo
 
 , this objection was inadequate to preserve a constitutional
 
 Grady
 
 challenge for appellate review, in our discretion we would invoke Rule 2 to relax Rule 10's issue-preservation requirement and review its merits."
 

 Id.
 

 at 466-67
 
 . The primary reason the
 
 Bursell
 
 Court would have invoked rule 2 was that "the State here concedes reversible error."
 

 Id.
 

 at ----,
 
 813 S.E.2d at 467
 
 . Here, the State does not concede error.
 

 In
 
 State v. Bishop
 
 , this Court noted that the defendant's
 
 Grady
 
 argument from his SBM hearing was also not preserved:
 

 Indeed, Bishop concedes that the argument he seeks to raise is procedurally barred because he failed to raise it in the trial court. We recognize that this Court previously has invoked Rule 2 to permit a defendant to raise an unpreserved argument concerning the reasonableness of satellite-based monitoring. But the Court did so in
 
 Modlin
 
 because, at the time of the hearing in that case, neither party had the benefit of this Court's analysis in
 
 Blue
 
 and
 
 Morris
 
 . In
 
 Blue
 
 and
 
 Morris
 
 , this Court outlined the procedure defendants must follow to preserve a Fourth
 
 *648
 
 Amendment challenge to satellite-based monitoring in the trial court.
 

 This case is different from
 
 Modlin
 
 because Bishop's satellite-based monitoring hearing occurred several months after this Court issued the opinions in
 
 Blue
 
 and
 
 Morris
 
 . Thus, the law governing preservation of this issue was settled at the time Bishop appeared before the trial court. As a result, the underlying reason for invoking Rule 2 in
 
 Modlin
 
 is inapplicable here and we must ask whether Bishop has shown any other basis for invoking Rule 2.
 

 He has not. Bishop's argument for invoking Rule 2 relies entirely on citation to previous cases such as
 
 Modlin
 
 , where the Court invoked Rule 2 because of circumstances unique to those cases. In the absence of any argument specific to the facts of this case, Bishop is no different from countless other defendants whose constitutional arguments were barred on direct appeal because they were not preserved for appellate review.
 

 State v. Bishop
 
 , --- N.C. App. ----, ----,
 
 805 S.E.2d 367
 
 , 369-70 (2017) (citations, quotation marks, and brackets omitted),
 
 disc. review denied
 
 ,
 
 370 N.C. 695
 
 ,
 
 811 S.E.2d 159
 
 (2018).
 

 This case differs from other cases in which Rule 2 review has been allowed only in its procedural posture, and that difference does not favor defendant. The law regarding
 
 Grady
 
 was well-established by the time of defendant's bring-back hearing, but he made no constitutional objection.
 
 See generally
 

 Grady
 
 ,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed. 2d 459
 
 . The State and trial court proceeded with the hearing as directed by this Court in
 
 Lindsey I
 
 . Defendant had the opportunity to raise his constitutional argument, but he did not take it. We decline to exercise our discretion under Rule 2 to consider defendant's constitutional argument. If we allowed review in this case, this would essentially allow defendants to sit silently in the SBM hearing while the State and trial court address the case without knowing what issues defendant may raise on appeal and without giving either the opportunity to address them. Although the State has the burden of proof of reasonableness of SBM under the Fourth Amendment as directed by
 
 Grady
 
 ,
 
 see generally
 

 Grady
 
 ,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed. 2d 459
 
 , the defendant still must raise the constitutional objection so the State will be on notice it must present evidence to meet its burden.
 

 *649
 
 IV. Conclusion
 

 We decline to grant review under Rule 2 to consider defendant's constitutional argument which he waived. As defendant makes no other argument regarding the SBM order, we affirm.
 

 AFFIRMED.
 

 Judges ZACHARY and ARROWOOD concur.
 

 [1]
 

 In
 
 Lindsey I
 
 , this Court noted, "The trial court held a 'bring-back hearing' on 14 July 2015 to determine defendant's eligibility for satellite-based monitoring. ... When conducting a bring-back hearing under
 
 N.C. Gen. Stat. § 14-208
 
 .40B(c), the trial court is not bound by the DAC's risk assessment when assessing whether a defendant requires the highest possible level of supervision and monitoring."
 
 Lindsey I
 
 , --- N.C. App. ----,
 
 789 S.E.2d at 568, *2-4
 
 . Although defendant's counsel referred to it as a "call-back" hearing instead of a "bring back" hearing, his meaning is obvious and this hearing before the trial court was actually the "bring back" hearing on remand.
 

 [2]
 

 We also note that the State's investigative file-which was apparently crucial to the trial court's decision-is not in the record before us, and defendant raises no argument regarding use of this file.