IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-339

No. COA21-473

Filed 17 May 2022

Wake County, No. 20 CRS 2228

STATE OF NORTH CAROLINA

v.

LARRY FRITSCHE

Appeal by defendant from order entered 7 May 2021 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 22 February 2022.

*No brief filed on behalf of the State.*

*CarnesWarwick, by Amy Lynne Schmitz and Jonathan Carnes, for defendant-appellant.*

ZACHARY, Judge.

¶ 1   Defendant Larry Fritsche appeals from the trial court's order denying his petition to terminate his sex-offender registration. After careful review, we affirm.

## *Background*

¶ 2   On 17 November 2000, Defendant pleaded guilty in Arapahoe County, Colorado, district court to sexual exploitation of a child, in violation of Colo. Rev. Stat. § 18-6-403(3) (2000). The trial court suspended Defendant's sentence and placed him on probation. However, after Defendant violated the terms of his probation, the court

revoked Defendant's probation and activated his sentence. Defendant served eight years in prison. Upon his release, Defendant registered with the Colorado Sex Offender Registry on 26 August 2008, as required by Colorado law. *See id.* § 16-22-103(1)(c).

¶ 3        In February 2020, Defendant moved from Colorado to Florida. On 21 February 2020, Defendant registered with the Florida Sex Offender Registry, as required by Florida law. *See* Fla. Stat. § 943.0435 (2020).

¶ 4        Defendant then moved to North Carolina in October 2020 to be closer to his two children. On 28 October 2020, he filed a petition pursuant to N.C. Gen. Stat. § 14-208.12B (2020), requesting a judicial determination of his requirement to register in North Carolina as a sex offender. After the matter came on for hearing in Wake County Superior Court, the trial court entered an order on 9 April 2021 requiring that Defendant register as a sex offender on the North Carolina Sex Offender Registry. Defendant did so on the following business day, 12 April 2021.

¶ 5        On 14 April 2021, Defendant filed a petition pursuant to N.C. Gen. Stat. § 14-208.12A (2021) for termination of his requirement to register as a sex offender. The matter came on for hearing in Wake County Superior Court on 7 May 2021. The trial court denied Defendant's petition on the ground that Defendant did not satisfy all of the conditions for early termination of his requirement to register as a sex offender, in that he had not been registered as a sex offender for ten years in North Carolina,

in accordance with this Court's holding in *In re Borden*, 216 N.C. App. 579, 718 S.E.2d 683 (2011). The trial court entered its order on 7 May 2021, and Defendant timely filed written notice of appeal.

## *Discussion*

On appeal, Defendant argues that the trial court erred in denying his petition to terminate his requirement to register as a sex offender because *Borden* was incorrectly decided and should be overturned, or, in the alternative, because the termination statute's ten-year North Carolina registry requirement violates the Equal Protection Clause.

### *I.    Standard of Review*

Whether to terminate a sex offender's registration requirement is a matter left to the trial court's discretion. *In re Hamilton*, 220 N.C. App. 350, 359, 725 S.E.2d 393, 399 (2012); N.C. Gen. Stat. § 14-208.12A(a1). "[A]fter making findings of fact supported by competent evidence on each issue raised in the petition, the trial court is then free to employ its discretion in reaching its conclusion of law whether [the defendant] is entitled to the relief he requests." *Hamilton*, 220 N.C. App. at 359, 725 S.E.2d at 399. "A trial court abuses its discretion if its determination is manifestly unsupported by reason and is so arbitrary that it could not have been the result of a reasoned decision." *State v. Cummings*, 361 N.C. 438, 447, 648 S.E.2d 788, 794 (2007) (citations and internal quotation marks omitted), *cert. denied*, 552 U.S. 1319, 170 L.

Ed. 2d 760 (2008).

¶ 8    However, "[c]onclusions of law drawn by the trial court from its findings of fact" are reviewed de novo on appeal. *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (citation omitted). Under de novo review, "the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Id.* at 632–33, 669 S.E.2d at 294 (citation and internal quotation marks omitted).

¶ 9    "An appellate court reviews conclusions of law pertaining to a constitutional matter de novo." *State v. Bowditch*, 364 N.C. 335, 340, 700 S.E.2d 1, 5 (2010). "In exercising de novo review, we presume that laws enacted by the General Assembly are constitutional, and we will not declare a law invalid unless we determine that it is unconstitutional beyond a reasonable doubt." *State v. Strudwick*, 379 N.C. 94, 2021-NCSC-127, ¶ 12 (citation omitted). Furthermore, "[i]t is the burden of the proponent of a finding of facial unconstitutionality to prove beyond a reasonable doubt that an act of the General Assembly is unconstitutional in every sense." *Id.*

## II.    Analysis

¶ 10    A sex offender who commits certain "reportable convictions" as defined by N.C. Gen. Stat. § 14-208.6(4) is "required to maintain registration with the sheriff of the county where the person resides." N.C. Gen. Stat. § 14-208.7(a). This registration requirement generally lasts "for a period of at least 30 years following the date of initial county registration[.]" *Id.* However, "[t]en years from the date of initial county

registration, a person required to register . . . may petition the superior court to terminate the 30-year registration requirement if the person has not been convicted of a subsequent offense requiring registration[.]" *Id.* § 14-208.12A(a).

¶ 11    This Court addressed § 14-208.12A(a)'s requirement that a sex offender be registered for at least ten years in the State of North Carolina in order to be eligible for termination of the registration requirement in *Borden*. In *Borden*, after his conviction in Kentucky of "Rape 1" or "Sexual Abuse 1st Degree," the defendant was ordered to register as a sex offender, which he did in 1995. 216 N.C. App. at 580, 718 S.E.2d at 684. When the defendant moved to North Carolina, he was also required to register as a sex offender, which he did. *Id.* In 2010, the defendant received notice that he was "no longer required to register as a sex offender with the Kentucky Sex Offender Registry[.]" *Id.* The defendant thereafter petitioned for termination of his requirement to register as a sex offender in North Carolina, alleging that he was eligible for early termination because he had been registered as a sex offender for more than ten years as required by § 14-208.12A(a). *Id.*

¶ 12    However, this Court interpreted the statutory phrase "[t]en years from the date of initial county registration" as limiting eligibility for removal from the North Carolina sex-offender registry to offenders who have been registered for at least ten years from their initial date of registration *in a North Carolina county*, rather than

ten years from the offender's initial date of registration in *any* jurisdiction. *Id.* at 583, 718 S.E.2d at 686.

¶ 13     The Court reasoned that allowing removal of offenders from the sex-offender registry after less than ten years of registration in this state would "contradict[ ] the intent of the statute to protect the public, maintain public safety, and assist law enforcement agencies and the public in knowing the whereabouts of sex offenders." *Id.* Thus, although the *Borden* defendant had been registered as a sex offender in his various states of residence for more than ten years altogether, he was nevertheless ineligible to terminate his sex-offender registration in North Carolina because he had not been registered on the North Carolina Sex Offender Registry for at least ten years. *Id.* at 583–84, 718 S.E.2d at 686–87.

¶ 14     In sum, § 14-208.12A(a) requires ten years of registration in North Carolina, and "the amount of time a petitioner has been registered in another state is irrelevant." *In re Bunch*, 227 N.C. App. 258, 262, 742 S.E.2d 596, 599–600, *disc. review denied*, 367 N.C. 224, 747 S.E.2d 541 (2013).

¶ 15     The facts of the case at bar are strikingly similar to those presented in *Borden*. In 2000, Defendant pleaded guilty to a sex offense that was the Colorado equivalent of a "reportable conviction" as defined by statute. *See* Colo. Rev. Stat. § 18-6-403(3); N.C. Gen. Stat. § 14-208.6(4)(b). Defendant initially registered as a sex offender in Colorado in 2008, over ten years prior to petitioning for termination of his sex-

offender registration. However, he initially registered as a sex offender in North Carolina in 2021, less than a year prior to petitioning for termination of his sex-offender registration. Section 14-208.12A(a) limits the eligibility for termination of sex-offender registration to those who have been registered for at least ten years from the initial date of registration *in a North Carolina county*. *See Borden*, 216 N.C. App. at 583, 718 S.E.2d at 686. Therefore, because Defendant does not satisfy the statute's requisite period of registration, he is ineligible for termination from the sex-offender registry at this juncture.

¶ 16        In light of this outcome, Defendant requests that we overturn *Borden*. However, we are bound by our Court's decision in that case unless and until a higher court overturns it. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

¶ 17        Defendant next asserts that N.C. Gen. Stat. § 14-208.12A(a)'s ten-year North Carolina registry requirement violates the Equal Protection Clauses of the North Carolina and United States Constitutions, in that the statute "treats defendants with initial out-of-state registrations differently from defendants with initial in-state registrations." Defendant further contends that this provision "is not rationally

related to public safety[,]" which is the primary purpose underlying the sex-offender registry. *See* N.C. Gen. Stat. § 14-208.5. Again, we disagree.

¶ 18      Defendant asserted this equal-protection challenge below; when denying Defendant's petition, the trial court acknowledged Defendant's constitutional challenge and noted that Defendant had "preserved that argument by making it" at the hearing. Accordingly, as a preliminary matter, we examine the trial court's jurisdiction to rule on Defendant's constitutional challenge to N.C. Gen. Stat. § 14-208.12A(a)'s ten-year in-state registration requirement.

¶ 19      Section 1-267.1(a1) of our General Statutes provides that, with limited exceptions not relevant here, "any facial challenge to the validity of an act of the General Assembly shall be transferred . . . to the Superior Court of Wake County and shall be heard and determined by a three-judge panel of the Superior Court of Wake County[.]" *Id.* § 1-267.1(a1). Section 1-267.1 applies only in civil actions. *Id.* § 1-267.1(d).

¶ 20      Nevertheless, this Court has previously determined that the three-judge panel provisions are not applicable where a defendant raises a facial constitutional challenge to the validity of the satellite-based monitoring statutory regime, which is a civil matter but often arises during criminal sentencing. *See State v. Stroessenreuther*, 250 N.C. App. 772, 774 n.1, 793 S.E.2d 734, 736 n.1 (2016) ("Section 1-267.1(a1) . . . permit[s] a criminal defendant to assert [a facial] constitutional

challenge before a single trial judge during sentencing without having to transfer the issue to a three-judge panel.").

¶ 21      Like satellite-based monitoring, our sex-offender registration statutes exist along that indistinct boundary between criminal and civil actions. *See, e.g., Bowditch*, 364 N.C. at 352, 700 S.E.2d at 13; *State v. Abshire*, 363 N.C. 322, 330, 677 S.E.2d 444, 450 (2009); *State v. White*, 162 N.C. App. 183, 195, 590 S.E.2d 448, 456 (2004). Because § 14-208.12A(a) belongs to the same overarching sex-offender regulatory scheme as satellite-based monitoring, *see* N.C. Gen. Stat. § 14-208.5 *et seq.*; *Bowditch*, 364 N.C. at 337, 700 S.E.2d at 3, it follows, then, that facial challenges to § 14-208.12A(a) should be addressed in the same manner as facial challenges to satellite-based monitoring. Thus, we conclude that § 1-267.1(d) did not bar the trial court in the instant case from hearing Defendant's facial challenge to § 14-208.12A(a) without transferring the issue to a three-judge panel.

¶ 22      The Equal Protection Clauses of the United States and North Carolina Constitutions "forbid North Carolina from denying any person the equal protection of the laws, and require that all persons similarly situated be treated alike." *State v. Fowler*, 197 N.C. App. 1, 26, 676 S.E.2d 523, 543–44 (2009) (citations and internal quotation marks omitted), *appeal dismissed and disc. review denied*, 364 N.C. 129, 696 S.E.2d 695 (2010); *see* U.S. Const. amend. XIV, § 1 ("No State shall . . . deny to

any person within its jurisdiction the equal protection of the laws."); N.C. Const. art.

I, § 19 ("No person shall be denied the equal protection of the laws . . . .").

¶ 23        The analysis of an equal-protection challenge is two-pronged:

> Our state courts use the same test as federal courts in evaluating the constitutionality of challenged classifications under an equal protection analysis. When evaluating a challenged classification, the court must first determine which of several tiers of scrutiny should be utilized. Then it must determine whether the statute meets the relevant standard of review.

*Fowler*, 197 N.C. App. at 26, 676 S.E.2d at 544 (citations and internal quotation

marks omitted).

¶ 24        Although the Equal Protection Clause "require[s] that all persons similarly

situated be treated alike[,]" *id.* (citation and internal quotation marks omitted), it

"do[es] not require perfection in respect of classifications. In borderline cases, the

legislative determination is entitled to great weight[,]" *State v. Greenwood*, 280 N.C.

651, 658, 187 S.E.2d 8, 13 (1972); *see also Parham v. Hughes*, 441 U.S. 347, 351, 60

L. Ed. 2d 269, 274 (1979) ("State laws are generally entitled to a presumption of

validity against attack under the Equal Protection Clause."). The Clause "impose[s]

upon law-making bodies the requirement that any legislative classification be based

on differences that are reasonably related to the purposes of the Act in which it is

found." *Greenwood*, 280 N.C. at 656, 187 S.E.2d at 11 (citation and internal quotation

marks omitted). "In the absence of a classification that is inherently invidious or that

impinges upon fundamental rights, a state statute is to be upheld against equal protection attack if it is rationally related to the achievement of legitimate governmental ends." *G. D. Searle & Co. v. Cohn*, 455 U.S. 404, 408, 71 L. Ed. 2d 250, 256 (1982).

¶ 25        The classification of which Defendant complains—that is, an individual's residency at the time of his initial registration as a sex offender—is not inherently suspect; thus, we apply rational-basis review to determine whether the legislation violates the Equal Protection Clause. *See, e.g.*, *State v. Harris*, 242 N.C. App. 162, 166, 775 S.E.2d 31, 35 (2015); *White v. Pate*, 308 N.C. 759, 766, 304 S.E.2d 199, 204 (1983) ("When a governmental classification does not burden the exercise of a fundamental right or operate to the peculiar disadvantage of a suspect class, the lower tier of equal protection analysis requiring that the classification be made upon a rational basis must be applied."). Under rational-basis review, the validity of any challenged law "depends upon its reasonable relation to the accomplishment of the State's legitimate objective[.]" *Greenwood*, 280 N.C. at 656, 187 S.E.2d at 12 (citation and internal quotation marks omitted).

¶ 26        The requirement that a defendant be registered in North Carolina as a sex offender for at least ten years in order to be eligible for early termination of sex-offender registration is rationally related to the State's legitimate interests in maintaining public safety and protection. As our Supreme Court has explained: "The

North Carolina Sex Offender and Public Protection Registration Program is a public safety measure specifically designed to assist law enforcement agencies' efforts to protect communities." *State v. Bryant*, 359 N.C. 554, 560, 614 S.E.2d 479, 483 (2005) (citation and internal quotation marks omitted); N.C. Gen. Stat. § 14-208.5. "[T]he twin aims of the North Carolina Sex Offender and Public Protection Registration Program[ are] public safety and protection[.]" *Bryant*, 359 N.C. at 560, 614 S.E.2d at 483. Additionally, maintaining public safety is a well-established legitimate state interest. *See, e.g.*, *id.*; *State v. Vestal*, 281 N.C. 517, 522, 189 S.E.2d 152, 156 (1972); *State v. Ballance*, 229 N.C. 764, 769–70, 51 S.E.2d 731, 735 (1949). And as this Court has concluded, allowing offenders "to be removed from the sex offender registry without being on the registry for at least ten years in North Carolina contradicts the intent of the statutes to protect the public, maintain public safety, and assist law enforcement agencies and the public in knowing the whereabouts of sex offenders." *Borden*, 216 N.C. App. at 583, 718 S.E.2d at 686.

¶ 27        Moreover, in the instant case, Defendant was treated the same as all other registered sex offenders who initially enrolled in another jurisdiction's sex-offender registry based upon an out-of-state conviction. That Defendant, as a sex offender who initially registered in another state, is negatively impacted by an otherwise neutral law does not, alone, render N.C. Gen. Stat. § 14-208.12A(a) invalid. *See Parham*, 441

U.S. at 351, 60 L. Ed. 2d at 274 ("Legislatures have wide discretion in passing laws that have the inevitable effect of treating some people differently from others . . . .").

Thus, N.C. Gen. Stat. § 14-208.12A(a)'s ten-year North Carolina registry requirement does not violate the Equal Protection Clauses of the United States and North Carolina Constitutions. Defendant's contention to the contrary is unavailing.

### *Conclusion*

Accordingly, we affirm the trial court's order denying Defendant's petition for termination of his requirement to register as a sex offender on the North Carolina Sex Offender Registry.

AFFIRMED.

Judges INMAN and GORE concur.